I concur in the majority's opinion on Assignments of Error I and III. I also concur in the result for Assignment of Error II for separate reasons. Judge Hoffman states in Assignment of Error II: Although ASI may not have been aware appellant actually wrote a report to the EPA prior to discharging him, the record suggests ASI had sufficient notice of appellant's intent to do so. We find reasonable minds could conclude ASI's discharge of appellant was preemptive, and was the result of appellant's threatening to `whistleblow.' Majority opinion at 16.
Neither the "whistleblower" statute nor case law, that I am aware of, refers to "preemptive" discharge. Although I may agree with the logic of the majority's opinion, a literal reading of the statute requires that the employer have actual knowledge of the report having been filed. Judge Hoffman's language creates case law that contradicts the plain language of the statute. If the General Assembly wants to prevent employers from terminating employees who threaten to "whistleblow", the General Assembly has the ability to amend the current statute or draft a new statute. To date, the General Assembly has not chosen to do so. However, in this case, based on the circumstantial evidence referred to by the majority, there is a material question of fact as to whether the employer had actual knowledge of the report being filed with the EPA. Such a question of material fact is sufficient to defeat the motion for summary judgment. The question of employer knowledge is an issue for the trier of fact. If the fact finder determines that the employer had actual knowledge then a violation of the "whistleblower" statute exists. If the trier of fact finds that the employer did not have knowledge that appellant filed the report with the EPA, then there can be no violation of the "whistleblower" statute.